```
           UNITED STATES DISTRICT COURT FOR THE
                 DISTRICT OF NEW HAMPSHIRE
```

Christopher Booth

    v.                                  Civil No. 09-cv-005-PB

Federal Communications Commission

**REPORT AND RECOMMENDATION**

    Before the court is Christopher Booth's complaint (document no. 1) and emergency motion for a preliminary injunction (document no. 3). On behalf of himself, and "the millions of Americans affected," Booth seeks an injunction preventing the Federal Communications Commission ("FCC") from proceeding with the scheduled transition from analog to digital television on February 18, 2009. As Booth is proceeding both pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether or not Booth has properly invoked the subject matter jurisdiction of the Court. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B)(i).

## Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(1). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Discussion

In this action, Booth specifically seeks to enjoin the FCC from denying or terminating licensing for any broadcasters who broadcast an analog television signal after February 17, 2009. In the complaint filed, plaintiff seeks to enjoin the FCC from enforcing its orders to complete transition from analog to digital television signals on February 18, 2009.  Pursuant to 28 U.S.C. § 2342(1), however, exclusive jurisdiction over final FCC orders and decisions lies with the federal courts of appeals, not the district courts.  See La. Pub. Serv. Comm'n v. FCC, 476 U.S. 355, 363 n.1 (1986).  This Court does not, therefore, have jurisdiction to consider this matter, and I recommend that the matter be dismissed without prejudice to refiling in a court of competent jurisdiction.

## Conclusion

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                                  _____
                                                  James R. Muirhead
                                                  United States Magistrate Judge

Date:     January 15, 2009

cc:       Christopher Booth, pro se

4